(No. 12966.—Reversed and remanded.)

LAURA BUEHRLE, Exrx. Defendant in Error, *vs.* WILLIAM J. F. BUEHRLE, Plaintiff in Error.

*Opinion filed February 18, 1920—Rehearing denied April 8, 1920.*

1. WILLS—*when rights of partner are governed by his deceased partner's will and not by contract.* Where two equal partners enter into a contract for the execution of mutual wills providing that the interest of a deceased partner shall pass to the survivor, with the intention that the mutual wills shall be the joint will of the partners, the rights of one partner upon the death of the other are derived wholly through the deceased partner's will, and no right of survivorship passes upon the execution of the agreement.

2. SAME—*deceased partner's will cannot deprive widow of her rights in his estate.* A husband cannot by will deprive his widow of her rights in his estate, and as the interest of a deceased partner in a partnership business is the property of his estate, his widow may renounce a will giving his interest to his surviving partner and may take her rights under the law.

3. SAME—*when widow renouncing deceased partner's will must give up insurance.* Where two equal partners enter into a contract for the execution of mutual wills giving to the survivor the entire partnership business and providing for the taking out of a joint insurance policy on the lives of both for the benefit of the widow of the partner who does not survive, if the widow of the partner who dies first renounces said mutual will and elects to take under the statute she is not entitled to proceeds of the insurance policy.

. WRIT OF ERROR to the Second Branch Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. MERRITT W. PINCKNEY, Judge, presiding.

CHARLES S. CUTTING, NATHAN G. MOORE, and WILLIAM P. SIDLEY, for plaintiff in error.

HENRY P. HEIZER, and EDWARD D. SHURTLEFF, for defendant in error.

Mr. JUSTICE THOMPSON delivered the opinion of the court:

This cause comes to this court by writ of *certiorari* to the Appellate Court for the First District to review a judgment of that court reversing a decree of the circuit court of Cook county dismissing the bill of defendant in error for want of equity and by its judgment remanding the cause to the circuit court, with directions to refer said cause for the taking of an accounting according to the prayer of the bill.

Defendant in error, widow of Mathias A. Buehrle, deceased, and executrix of his last will and testament, filed her bill in the circuit court to compel plaintiff in error to account to her for one-half interest in a wholesale liquor business owned by plaintiff in error and Mathias A. Buehrle, her husband, in his lifetime, as equal partners. Plaintiff in error and Mathias A. Buehrle became the owners of this business in May, 1905, by virtue of their father's will. In March, 1909, these partners entered into the following contract:

"This agreement, made this 13th day of March, 1909, between William J. F. Buehrle, party of the first part, and Mathias A. Buehrle, party of the second part, witnesseth:

"That whereas the above named parties are equal partners in the wholesale liquor business conducted at 188 Clybourn avenue, Chicago, Illinois, under the name of Math. Buehrle; and whereas

the business in which they are engaged is of a precarious nature and one which upon the death of either party would be materially injured, and which, if settled, could not be settled to the advantage of the widow or the estate of the deceased; and whereas it is desirable that in such event the survivor should be enabled to conduct the business in his own right:

"Now, therefore, this indenture witnesseth, that the said parties hereto have taken out a joint fifteen-year endowment policy, in the sum of five thousand ($5000) dollars, from the Illinois Life Insurance Company, conditioned for the payment of five thousand ($5000) dollars upon the death of either one of the insured to the widow of such deceased person:

"Now, therefore, the undersigned covenant and agree, one with the other, that each during the joint lives of said parties will pay one-half of the yearly premium of three hundred and seventy-five ($375) dollars upon said insurance policy and will keep said insurance policy in full force. And each of said parties, in consideration of the premises and the mutual covenants herein contained, further covenants and agrees that he will immediately make and execute his last will and testament, in and by which said last will and testament he will expressly give and bequeath unto the other of said parties hereto his entire interest in the wholesale liquor business of the parties hereto conducted as aforesaid, and that he will not revoke the same during the lifetime of the other of said parties, and that he will not at any time heretofore make and execute any other or additional last will and testament unless such other will and testament shall contain a valid bequest to the other of the parties hereto of the entire interest of the testator in said business of the parties hereto. And they do hereby, in consideration of the premises, covenant and agree that the interest of either of said parties in the said firm of Math. Buehrle is and shall be that upon the death of one of said parties the entire business shall belong to the survivor of said parties, provided said insurance policy above mentioned is kept in full force and valid and payable to the widow of such deceased party.

"In witness whereof the said parties have hereunto set their hands and seals the day and year first above written and in the presence of two subscribing witnesses.

"Signed as witnesses to the signature of William J. F. Buehrle and Mathias A. Buehrle:

WILLIAM J. F. BUEHRLE, (Seal)
MATHIAS A. BUEHRLE.    (Seal)

James H. Stafford,
Mary Schmitz,
Henry P. Heizer."

Under the same date, and presumably following the execution of the foregoing contract, each of the brothers executed his will. In and by his will Mathias A. Buehrle appointed his wife, Laura, executrix and made her the residuary devisee and legatee of all the remainder of his estate after giving to his brother, William, all his interest in the wholesale liquor business here in question. Following the disposition of his property his will proceeds as follows: "The above bequest to William J. F. Buehrle is conditioned upon there being in full force and effect at the time of my death a life insurance policy upon the joint lives of myself. and William J. F. Buehrle, payable in the event of my death, in the sum of five thousand ($5000) dollars, to my wife, Laura Buehrle, and in case of the death of William J. F. Buehrle, payable to his wife, Emilie Buehrle; and if said insurance policy should not then be in force, then the above bequest to William J. F. Buehrle of said wholesale liquor business shall be void."

Mathias Buehrle died January 30, 1916, leaving his wife, Laura, defendant in error here, surviving him. At the time of his death the policy provided for in the contract executed by the two brothers and referred to by Mathias in his will was in full force and effect, and defendant in error received the $5000 provided for in said policy as the beneficiary. She qualified as executrix of her deceased husband's estate and collected $1000 under another insurance policy which he carried, payable to his estate. She used a portion of the proceeds of the $5000 insurance policy to pay a mortgage on some real estate which she and her husband had held in joint tenancy. An audit of the books of the partnership showed that the assets of the firm January 31, 1916, amounted to $69,905.10. At the beginning of the year 1911 the assets of the firm were $58,467.70. It is fair to assume that at the time this contract was made, in 1909, the share of Mathias Buehrle was more than $25,000. As soon as

defendant in error learned of the contents of her husband's will and the contract she renounced her rights under the will and elected to take such share of the estate as the law gave her. She thereupon charged herself, as executrix, with the $5000 collected under the joint insurance policy and now holds such portion of the proceeds of the policy as she had not used before she ascertained the contents of the will and contract, awaiting the determination of this court as to whether the proceeds of this policy properly constitute a part of her husband's estate. It further appears that during the continuance of the partnership plaintiff in error had drawn out of the business $1071.22 more than deceased. The chancellor ordered that plaintiff in error pay defendant in error $535.61 as a settlement of the amount drawn out by him in excess of the amount drawn out by his deceased brother. We see no error in the chancellor's order in that respect.

It is contended by plaintiff in error that by the last sentence in the agreement entered into by the partners there was conveyed by the one to the other a present interest in the entire business, with the additional right of survivorship, possession being postponed until the death of one of the partners. In other words, it is contended that each of the partners owned a half interest in the business during the lifetime of both, with the additional incident of survivorship, and that at the death of one of the partners the survivor succeeded to the entire assets of the partnership. On the other hand, the defendant in error contends that the partners intended that the interest of each should pass by mutual wills, and that the contract is testamentary in character and could be probated as the joint will of the partners.

The intention of the parties, plainly expressed, was to provide that the whole of the partnership property should pass to the survivor. Construing the contract as a whole and giving effect to the intention of the parties from a con-

291 — 38

sideration of the entire instrument, we think this intention was to be carried into effect by the execution of mutual wills. The last sentence of the agreement was for the purpose of making these mutual wills the joint will of the parties, so that the will of the one could not be revoked without notice to the other. (*Frazier* v. *Patterson,* 243 Ill. 80.) To construe the agreement otherwise makes the provision for mutual wills wholly ineffective. It follows, therefore, that the rights of the plaintiff in error are derived wholly through his brother's will. The public policy of this State declared by statute is that a husband cannot by will deprive his widow of her rights in his estate, and defendant in error, therefore, had the right to renounce her rights under the will and share in her deceased husband's estate as the statute provides. Having renounced the will and the benefits to which she was entitled under the contract entered into between her husband and his brother, she is not entitled to the proceeds of the insurance policy. The premiums on the policy having been paid from the profits of the partnership, it is only fair, under the circumstances of this case, that the proceeds of the policy be considered partnership assets. The interest of the deceased brother in the wholesale liquor business is the property of his estate and should be treated as such, and disposed of as the statute provides in case of renunciation by the widow and her election to take under the law.

For the reasons stated the judgment of the Appellate Court and the decree of the circuit court are reversed and the cause is remanded to the circuit court of Cook county for further proceedings consistent with the views herein expressed.

*Reversed and remanded.*